People v Watkins (2023 NY Slip Op 00742)

People v Watkins

2023 NY Slip Op 00742

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Ind. No. 2233/13 Appeal No. 16761 Case No. 2019-2535 

[*1]The People of the State of New York, Respondent,
v
Kai Watkins, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester A. Adler, J.), rendered January 4, 2018, convicting defendant, after a jury trial, of robbery in the second degree and assault in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously reversed, on the law, the suppression motion granted, defendant's postarrest statement suppressed, and the matter remanded for a new trial.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Despite the absence of an identification by the robbery victim, defendant's guilt was established by, among other things, defendant's confession and fingerprint evidence connecting him with the crime.
Because, in motion practice, defendant not only failed to allege an unlawful home arrest (see Payton v New York, 445 US 573, 576 [1980]), but affirmatively alleged that he had been arrested on the street, the People had no burden to go forward to establish the propriety of the arrest location (see People v Wayman, 188 AD3d 538, 539 [1st Dept 2020], lv denied 36 NY3d 1124 [2021]). In any event, to the extent defendant ultimately raised a Payton claim at the hearing, that claim was refuted by defendant's admission (People v Rivera, 45 NY2d 989, 991 [1978]) of having been arrested on the street.
With respect to the suppression court's denial of defendant's application to suppress his postarrest statement, the statement should have been suppressed.
At the suppression hearing, the People's sole witness was the detective who had interviewed and taken a statement from a codefendant in the robbery who implicated defendant, ostensibly prompting the arrest of defendant, and who thereafter interviewed and took the challenged statement of defendant after his arrest. The detective was not the arresting officer in either arrest, was not present at either arrest, and had no knowledge of the facts of defendant's arrest. The record contains no information as to the identity of the arresting officers, whether they were assigned to the same precinct as the detective, or whether they had any prior connection to the investigation leading to either arrest or any of the suspects.
At the hearing, the detective testified that he interviewed the codefendant, that the codefendant implicated defendant in the robbery (the detective did not testify to any more detail about the codefendant's statements than that), that the codefendant identified defendant by photograph (the detective could not recall whether the codefendant identified defendant by name), and that defendant was not a suspect prior to his implication by the codefendant. There was no evidence as to what, if anything, the detective did with the statement, and no evidence that the detective imparted to anyone any of the information he received from [*2]the codefendant. There is also no indication in the hearing record that the detective informed anyone that the codefendant had identified defendant by photograph.
The only testimony of the content of the statements received by the detective from the codefendant is the testimony noted above. There is no direct evidence that the statement implicating defendant was communicated to the officers arresting him. The only potential circumstance suggesting that the statement was communicated to the arresting officers is the temporal proximity between the end of the detective's questioning of the codefendant and the beginning of the detective's questioning of defendant, whose arrest would have occurred in the interim. The detective testified that he interviewed the codefendant for approximately one to one and a half hours starting at 2:00 p.m., and that he started interviewing defendant at 5:15 p.m., suggesting that defendant was apprehended about one to two hours after being implicated in the robbery by the codefendant.
The People failed to submit evidence sufficient to support the suppression court's findings, thus failing to meet their burden of coming forward (see People v Pacifico, 95 AD2d 215, 219 [1st Dept 1983], lv denied 60 NY2d 969 [1983]). Although the officers who arrested defendant were not required to testify, the People's initial evidentiary presentation, consisting of the testimony of the investigating detective, was insufficient to permit the inference that information constituting probable cause was transmitted by the detective to the officers effectuating the arrest of defendant, as required to meet the People's prima facie burden of establishing the legality of the challenged police conduct and shift the burden of persuasion to defendant (see People v Williams, 279 AD2d 276, 277 [1st Dept 2001], affd 97 NY2d 735 [2002]). Although defendant testified after the People rested, we need not consider whether defendant's testimony before the suppression court could have been used to remedy deficiencies in the People's presentation. As the People repeatedly informed the court, they relied solely on the detective's testimony to meet their burden. Further, the suppression court discredited defendant's testimony as "unworthy of belief" and based its decision to deny defendant's motion to suppress solely on the testimony of the detective, which it credited. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023